

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-053-CR

RICKEY LEE DUKES                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two points, Appellant Rickey Lee Dukes appeals his conviction for driving while intoxicated ("DWI"). We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Factual and Procedural History

On March 11, 2005, Officer E.G. Mekosch of the Fort Worth Police Department was entering I-35 when he observed a red GMC Suburban speeding. Appellant was driving the vehicle. Officer Mekosch got behind the vehicle and paced its speed at approximately 76 mph in a 60 mph zone. Officer Mekosch turned on his emergency lights to make a traffic stop.

Appellant acted like he was going to pull over approximately three different times before he finally exited I-35 and pulled over on a service road. Immediately, Appellant proceeded to get out of his vehicle and put his hands in the air. When Officer Mekosch told Appellant to get back in his vehicle, he did; then he immediately put his hands out of the window. When Officer Mekosch asked Appellant for his driver's license, he noticed that Appellant and his vehicle compartment smelled of alcohol, that his speech was slurred and heavy, and that his eyes were bloodshot and watery.

In response to a question from Officer Mekosch, Appellant admitted to having two beers earlier in the day. Officer Mekosch asked Appellant if he had any medical conditions that would prevent him from completing a series of field sobriety tests. Appellant told him that he took blood pressure medication, but did not mention anything else. Officer Mekosch determined that Appellant was capable of performing a series of standardized sobriety tests.

2

First, Officer Mekosch determined that Appellant was a good candidate for the horizontal gaze nystagmus test. An officer administering this test is looking for a minimum of four of the six possible clues that indicate someone is possibly intoxicated. Officer Mekosch proceeded to administer the test and determined that Appellant exhibited all six clues.

Second, Officer Mekosch had Appellant perform the "walk-and-turn" test. An officer administering this test is looking for a minimum of two of the possible eight clues that indicate that someone is possibly intoxicated. Officer Mekosch determined that Appellant exhibited seven of the eight possible clues, including failing to keep his balance while listening to instructions, stopping while walking in order to keep himself balanced, failing to walk in a heel-to-toe manner, losing his balance while walking, using his arms for balance, losing his balance while turning, and taking the wrong number of steps.

Lastly, Officer Mekosch asked Appellant to perform the one-leg-stand test. Appellant refused to perform this test.

Based on everything Officer Mekosch observed, including Appellant's initial erratic behavior, the smell of alcohol, Appellant's slurred speech, and Appellant's failure to complete the field sobriety tests, Officer Mekosch determined that Appellant was intoxicated and placed him under arrest for DWI. Officer Mekosch then conducted an inventory of Appellant's vehicle and found

3

a twelve-ounce Coors Light under the driver's seat. According to Officer Mekosch, the drink was three-fourths empty and "cool to the touch."

Officer Mekosch transported Appellant to the intoxilyzer room of the Fort Worth Police Department, where the following events were videotaped. First, Appellant refused to perform any of the physical tests for Officer Bridges[2] because he stated that one of his legs was shorter than the other. Officer Bridges then had Appellant perform a nonstandardized backward counting test, which Appellant failed to perform correctly. Finally, Appellant signed a DIC-24[3] form indicating his refusal to submit a breath or blood sample.

Appellant was charged with DWI, a class b misdemeanor. Appellant waived a jury trial. On February 20, 2007, the trial court found Appellant guilty and sentenced Appellant to ninety days' confinement in the Tarrant County Jail, probated for two years, as well as a fine of $600. Appellant now appeals on the grounds that there was legally and factually insufficient evidence to support his conviction.

---

[2] Officer Bridges was the officer conducting the interview in the intoxilyzer room. The briefs and court record do not indicate what physical tests Officer Bridges asked Appellant to perform. The State's brief cites the videotape evidence.

[3] DIC-24 Form is the written component of the statutory warning required in cases where a peace officer requests a voluntary blood or breath specimen from a person. TEX. TRANS. CODE ANN. § 724.015 (Vernon Supp. 2007); see State v. Neesly, 239 S.W.3d 780, 782 (Tex. Crim. App. 2007).

### III. Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.

Crim. App. 2007). We must presume that the fact-finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414-15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the judgment. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly

wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the fact-finder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We must give due deference to the fact-finder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson*, 23 S.W.3d at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

## IV. Sufficiency of the Evidence

The State is required to prove every element of an offense beyond a reasonable doubt. TEX. PENAL CODE ANN. § 2.01 (Vernon Supp 2008). A person commits the offense of driving while intoxicated if the person is intoxicated while operating a vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp. 2008).

### A. Legal Sufficiency of Evidence

Appellant contends that the evidence is legally insufficient to support his conviction of DWI. Appellant asserts that the only evidence offered by the State to show that he was intoxicated was Officer Mekosch's testimony about

Appellant's performance on the field sobriety tests at the scene, Appellant's performance on the nonstandardized counting test once in custody, and his subsequent refusal to submit a breath sample for testing. However, when viewing all the evidence in the light most favorable to the verdict, the record clearly shows that the evidence was legally sufficient. *See Hooper,* 214 S.W.3d at 16-17. In Appellant's case, as in most DWI cases, no one piece of evidence overwhelmingly proves his guilt; rather, it is the totality of the evidence that results in the trial court's decision to convict. *See, e.g., Kimball v. State,* 24 S.W.3d 555, 562 (Tex. App.—Waco 2000, no pet.) (holding that where defendant contested the State's proof of intoxication, but the totality of the evidence corroborated the finding of defendant's intoxication). In this case, the record shows that Appellant behaved oddly as he pulled off the freeway by acting like he was going to pull over approximately three different times before finally exiting the highway to pull over; that Appellant behaved oddly after he stopped, as he immediately exited the car with his hands raised; that he behaved oddly when he got back in the car, as he immediately put his hands out the window; that Appellant and his vehicle smelled of alcohol; that Appellant's speech was slurred and heavy; that Appellant's eyes were bloodshot and watery; that Appellant admitted to having drank two beers earlier that day; that Appellant failed the horizontal gaze nystagmus test; that

8

Appellant failed the walk and turn test; that Appellant refused to perform the one-leg standing test; that Officer Mekosch formed the opinion that Appellant was intoxicated at the scene; that Officer Mekosch found a three-quarters empty beer can that was "cool to the touch" under the driver's seat; and that Appellant refused to provide a breath or blood sample.

Based on this evidence, a rational trier of fact could have found the essential elements of driving while intoxicated beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789. Therefore, having carefully reviewed the evidence under the applicable standard, we hold that the evidence was legally sufficient to support the trial court's conviction that Appellant was driving while intoxicated. *Id.,* 99 S. Ct. at 2789. We overrule his first point.

**B. Factual Sufficiency of Evidence**

Appellant asserts that the evidence was factually insufficient to support his conviction. Specifically, Appellant argues that the only evidence supporting his conviction was Officer Mekosch's testimony that Appellant failed the field sobriety test after Appellant was first stopped, that Appellant failed the non-standardized counting test once in custody, and that Appellant refused to submit a breath sample for testing. Appellant attempts to discount this evidence by arguing that he was unable to perform the one-legged standing test because he had a physical disability, namely, that one leg was shorter than the

9

other. Appellant further argues that the fact that he failed the counting test is immaterial because the test is a nonstandardized test that is not recognized by the National Highway Transportation Safety Administration as a valid indicator of intoxication and that even if the test was a valid indicator, he did not perform well on it because he did not understand the instructions. For these reasons, he argues that the only evidence left as the basis for the trial court's finding that Appellant was intoxicated was his refusal to take the breath test, which Appellant argues will not support a conviction for DWI by itself.

Contrary to Appellant's arguments, our review of the record shows that the evidence that Appellant failed the field sobriety tests and the counting test, as well as his refusal to submit a breath sample, was not dispositive in the trial court's finding that Appellant was intoxicated. First, Appellant did not tell Officer Mekosch that he had a physical disability when asked if he had any medical conditions that would prevent him from completing any of the field sobriety tests. Second, Officer Mekosch arrested Appellant for DWI prior to Appellant failing the counting test. Moreover, contrary to Appellant's argument that his refusal to submit to a breath sample was the only evidence offered to support his conviction, the record is replete with evidence that Appellant was intoxicated. As we previously stated, the record shows that Appellant behaved oddly as he pulled off the freeway, appearing to stop approximately three

10

different times before he finally pulled over; that Appellant behaved oddly after he was stopped, exiting with his hands raised and then putting his hands out the window; that both Appellant and his vehicle smelled of alcohol; that Appellant's speech was slurred and heavy and his eyes were bloodshot and watery; that Appellant admitted to drinking two beers earlier that day; that Appellant failed the horizontal gaze nystagmus test and the walk and turn test; and that Officer Mekosch found a three-quarters empty beer can that was "cool to the touch" under the driver's seat. Moreover, the record shows that Officer Mekosch formed the opinion that Appellant was intoxicated at the scene, before Appellant failed the counting test or refused to submit a breath sample.

Because the record does not clearly reveal that a different result is appropriate, we hold that the evidence was factually sufficient to support Appellant's conviction for DWI. *See Johnson*, 23 S.W.3d at 8. We overrule his second point.

## V. Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: April 3, 2008